UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRIAN KEITH BRIM,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>PAUL THOMPSON, WARDEN,<br><br>　　　　　Respondent. | No.  2:19-cv-2284 KJN P<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

I. Introduction

Petitioner is a federal prisoner, proceeding pro se, with an application for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, claiming that his due process rights were violated. Respondent's motion to dismiss and petitioner's motion to amend are before the court.

As set forth below, the undersigned recommends that respondent's motion to dismiss be granted on the grounds that this court lacks jurisdiction, and petitioner's motion to amend should be denied.

II. Background

In 1996, petitioner was convicted in the Central District of California of conspiracy to manufacture illicit drugs, possession of illicit drugs, and attempt to manufacture illicit drugs. Petitioner was sentenced to life in prison, and at all times herein was housed at FCI-Herlong.

////

1    In 2018, an incident report was generated claiming petitioner used federal prison e-mail
2    and phone systems (TRULINCS and TRUFONE) to make unauthorized and unmonitored
3    communications with a prisoner in a state prison in California.  (ECF No. 12-1 at 99.)  Such
4    communications were made indirectly and directly through an intermediary.  (ECF No. 12-1 at
5    129-30.)  The incident leading to the charge was described as follows:

> On August 7, 2018, at approximately 3:00 pm., while monitoring the TRULINCS and TRUFONE systems containing all inmate incoming and outgoing correspondence, inmate Brim, Brian Reg. No. 90606-012, utilized both systems to contact a California State inmate through a third party, a contraband cell phone, and fictitious contacts, circumventing the mail and phone monitoring procedures. Specifically, inmate Brim has had ongoing correspondence with "Sara Gebrezgie" at inmateservicestoyou@gmail.com, however on April 19, 2018, at 4:24 pm, "Sara" states "My husband sends his fullest and has been in the SHU since you least herd from him". On June 17, 2018, at 1:53 am, inmate Brim replies "What good tiger? I moved to Corcoran about four months ago. I bout myself a new SHU from acting a muck... There's a lot of good brothers who send their love and respects to their fullest." Corcoran is the name for a male only California State Prison. On July 16, 2018, at 11:06 am "Sara" send a message "If you have time call me at (916) 607-2595, I got some questions about my case... Take care big bruh. I got a S8 right now and will be in touch more", S8 is common slang for a Samsung Galaxy S8 cell phone. Inmate Brim replies that he will contact that number on the "19th minute". On July 19, 2018, at 5:38 pm, inmate Brim calls the fictitious contact "Fredo Wilbarger", at the number that was previously given, and about seven minutes into the conversation "Fredo" states "I'm still in the hole", "hole" being common slang for the special housing unit. The call and all the previous messages, indicate that inmate Brim had been contacting a California State Prison inmate, first through a third party and then directly to the unknown inmate's cell phone. Contacting another inmate without prior approval, using fictitious contacts, utilizing a third party, and directly contacting a contraband cell phone circumnavigates both mail and phone monitoring procedures. These acts are a serious risk to the safety and security of both institutions.

(ECF No. 12-1 at 99.)

On August 7, 2018, at 5:45 p.m., the incident report was delivered to petitioner, notifying petitioner of Code 296 and Code 297 (abuse of communication systems in circumvention of prison monitoring) violations for the communications.  (ECF No. 12-1 at 99-107.)  At the August 12, 2018 hearing, the discipline hearing officer ("DHO") considered the incident report, including the description of the charged conduct, all evidence, including petitioner's documentary evidence, confession and explanation for his communications.  (ECF No. 12-1 at 131-32.)  After weighing

the evidence, the DHO determined that petitioner did not commit violations of Code 296 or Code 297, but rather committed a similar prohibited act, 28 C.F.R. § 541.3, Code 396, Use Of The Mail (E-Mail) for Abuses Other Than Criminal Activity Which Do Not Circumvent Mail Monitoring. (ECF No. 12-1 at 131-32.)  Petitioner was sanctioned the loss of commissary privileges for 60 days, and seven days' housing segregation (which was suspended for 120 days pending petitioner's clear conduct).  (ECF No. 12-1 at 135, 139.)

Petitioner exhausted administrative review of his alleged due process violations in DHO finding a violation of Code 396 based on the offense conduct described in the incident report. (ECF No. 12-1 at 4-5.)

III.  The Federal Petition

Petitioner raises two claims in the instant petition:

1.  The BOP constantly overlooked and misapplied potential facts and procedures during the disciplinary process creating procedural due process violations requiring expungement of the incident report.  (ECF No. 1 at 6.)  The DHO refused to postpone/stop the hearing and allow petitioner his legal property so he could present evidence as to Code 396.  (ECF No. 1 at 7.)

2.  "New prohibit[ed] act without UDC hearing P.S. 527.c7."  (ECF No. 1 at 7.)  Petitioner was found not guilty for the original prohibited acts under Code 296 and Code 297.  (ECF No. 1 at 7.)  DHO submitted another incidence without UDC.  (ECF No. 1 at 7.)

Petitioner seeks expungement of the incident report.

IV.  Motion to Dismiss

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court. . . ."  Rule 4 of the Rules Governing Section 2254 Cases.[1] The Ninth Circuit has allowed respondents to file a motion to dismiss in lieu of an answer if the motion attacks the pleadings for failing to exhaust state remedies or being in violation of the state's procedural rules.  See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (9th Cir. 1990) (using

---

[1] Rules Governing Section 2254 Cases may be applied to other petitions for writ of habeas corpus at the Court's discretion.  See, id., Rule 1; Fed. R. Civ. P 81(a)(4).

1  Rule 4 to evaluate motion to dismiss petition for failure to exhaust state remedies); White v.
2  Lewis, 874 F.2d 599, 602-03 (9th Cir. 1989) (using Rule 4 as procedural grounds to review
3  motion to dismiss for state procedural default).  Therefore, a respondent may file a motion to
4  dismiss after the court orders a response, and such motion is reviewed under Rule 4.  See Hillery
5  v. Pulley, 533 F. Supp. 1189, 1194 & n.12 (E.D. Cal. 1982) ("a motion to dismiss attacking only
6  the pleadings should be considered under Rule 4 standards since the effect of the granting of the
7  motion is identical to such a disposition.").

8  V.  Standard of Review

9      Relief by way of a writ of habeas corpus extends to a prisoner in custody under the
10 authority of the United States who shows that his custody violates the Constitution, laws, or
11 treaties of the United States.  28 U.S.C. § 2241(c)(3).  A federal prisoner who challenges the
12 validity or constitutionality of his underlying conviction must file a motion to vacate the sentence
13 pursuant to 28 U.S.C. § 2255.  Stephens v. Herrera, 464 F.3d 895, 897 (9th Cir. 2006).  On the
14 other hand, a federal prisoner challenging the manner, location, or conditions of the execution of
15 a sentence, as petitioner does here, must bring a petition for writ of habeas corpus under 28
16 U.S.C. § 2241.  Hernandez v. Campbell, 204 F.3d 861, 864-65 (9th Cir. 2000); see also Harrison
17 v. Ollison, 519 F.3d 952, 956 (9th Cir. 2008).

18 VI.  Venue

19     Pursuant to 28 U.S.C. § 2241(d), a petition for a writ of habeas corpus must be brought in
20 the district court where the petitioner is confined or in the district where he was convicted and
21 sentenced.  Venue is proper in the Eastern District of California because petitioner is incarcerated
22 at FCI Herlong, which is in the Eastern District.

23 VII.  Jurisdiction

24     A.  The Parties' Positions

25     Respondent argues that this action should be dismissed for lack of jurisdiction.  First,
26 petitioner fails to challenge government action impacting the duration of petitioner's custody.
27 Rather, petitioner seeks expungement of records in which petitioner sustained a loss of privilege,
28 and housing segregation, which was suspended.  Such claim does not trigger § 2241 subject

1  matter jurisdiction.  Second, respondent contends that petitioner has no due process interest in
2  avoiding inmate discipline in which no good conduct time credits were taken, citing <u>Zavala v.</u>
3  <u>Copenhaver</u>, 2014 WL 4249627 (E.D. Cal. Aug. 27, 2014) (where prisoner lost only privileges
4  and no good conduct time credits, habeas jurisdiction lacking because conditions of confinement
5  claims have no relationship to the legality of his confinement).  (ECF No. 12 at 4.)  Third,
6  respondent contends that habeas jurisdiction is lacking where a successful challenge will not
7  shorten his sentence, see <u>Ramirez v. Galaza</u>, 334 F.3d 850, 858-59 (9th Cir. 2003).

    In opposition, petitioner argues that the court in <u>Ramirez</u> held that:

> [T]here is no single standard for determining whether a prison hardship is atypical and significant, and the "condition or combination of conditions or factors ... requires case by case, fact by fact consideration."  [citation omitted]  Three guideposts . . . however, provide a helpful framework: 1) whether the challenged condition "mirrored those conditions imposed upon inmates in administrative segregation and protective custody," and thus comported with the prison's discretionary authority; 2) the duration of the condition, and the degree of restraint imposed; . . . .

14 <u>Ramirez</u>, 334 F.3d at 861.  Petitioner then argues that his due process rights were violated during
15 the disciplinary hearing regardless of whether he was denied access to his legal materials while in
16 segregated housing.  In addition, petitioner cites cases he contends demonstrate other district
17 courts in this district have found jurisdiction where the prisoner did not suffer a good conduct
18 time credit loss.  (ECF No. 19 at 2-4.)  Thus, petitioner contends that this court has jurisdiction
19 despite the sanctions petitioner incurred.  (ECF No. 19 at 4.)
20     B.  <u>Jurisdiction</u>
21     The main purpose of the writ of habeas corpus is to provide a remedy to prisoners
22 challenging the fact or duration of their physical confinement and seeking immediate or an earlier
23 release from custody.  See <u>Preiser v. Rodriguez</u>, 411 U.S. 475, 484 (1973) ("[T]he essence of
24 habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the
25 traditional function of the writ is to secure release from illegal custody."); <u>Crawford v. Bell</u>, 599
26 F.2d 890, 891 (9th Cir. 1979) (holding that habeas proceedings allow prisoners to challenge the
27 "legality or duration of confinement").  Thus, a prisoner may pursue a habeas action to challenge
28 prison conditions where a favorable result will "shorten the prisoner's sentence."  <u>Ramirez v.</u>

Galaza, 334 F.3d 850, 859 (9th Cir. 2003). "[P]risoners may not challenge mere conditions of confinement in habeas corpus." Nettles v. Grounds, 830 F.3d 922, 933 (9th Cir. 2016) (*en banc*).[2]

> The Third, Fifth, Sixth, Seventh, Eighth, Ninth, and Tenth Circuits have ruled that federal prisoners may not use a writ of habeas corpus to obtain review of conditions of confinement, as distinct from the fact or length of the confinement. Under this view, claims challenging conditions of confinement must be brought in a different vehicle, such as a civil rights action under Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S. Ct. 1999, 29 L. Ed. 2d 619 (1971), or the Administrative Procedure Act.

§ 1:29. See Section 2241, Federal Habeas Manual § 1:29 (collecting cases).[3]

### C. Discussion

The undersigned is persuaded that this court lacks habeas jurisdiction over the instant petition because petitioner did not suffer a loss of good conduct time credits or otherwise sustain a loss that affects the duration of his confinement. Rather, petitioner suffered the loss of 60 days commissary privileges, and the segregated housing sanction was suspended. Because such claims relate solely to the conditions of his confinement, this court lacks habeas corpus jurisdiction over the claims under § 2241.

In opposition, petitioner cites multiple cases from the Eastern District of California. However, all of petitioner's cited cases were decided in 2010, before the Ninth Circuit issued its

////

////

////

---

[2] Nettles overruled Docken v. Chase, 393 F.3d 1024 (9th Cir. 2004), and Bostic v. Carlson, 884 F.2d 1267 (9th Cir. 1989), "to the extent they are inconsistent with this rule." Nettles, 830 F.3d at 931.

[3] The Federal Habeas Manual cited the following Ninth Circuit cases: Ramirez v. Galaza, 334 F.3d 850, 859 (9th Cir. 2003) ("habeas jurisdiction is absent . . . where a successful challenge to a prison condition will not necessarily shorten the prisoner's sentence"); Benny v. U.S. Parole Com'n, 295 F.3d 977, 988-89 (9th Cir. 2002) (§ 2241 petition was appropriate where there was a "causal link" between improper action and the "fact or duration" of petitioner's confinement and was not appropriate where an improper action did not "affect" petitioner's current custody); and Tucker v. Carlson, 925 F.2d 330, 331-32 (9th Cir. 1991) (holding that a federal prisoner challenging the execution of his sentence must bring a § 2241 habeas petition, whereas a prisoner complaining of civil rights violations must bring a Bivens action).

1  opinion in Nettles, and petitioner's cited cases rely on the reasoning of Bostic which was

2  overruled by Nettles.[4]  Thus, such cases are unavailing.

3      Because the court lacks habeas jurisdiction over the petition, the undersigned may not

4  reach the substance of petitioner's due process claims.

5      Petitioner suffered only a loss of commissary privileges; he did not lose good conduct

6  time credits or suffer any sanction that affected or was even likely to affect the legality or

7  duration of his confinement.[5]  Even if leave to amend were granted, petitioner could not state a

8  habeas corpus claim concerning the disciplinary proceeding.  Therefore, his motion to file an

9  amended habeas petition should be denied.

10  VIII.  Remedy

11      In some circumstances, a district court may convert an improperly filed habeas petition

12  into a civil rights complaint.  See Nettles, 830 F.3d at 935-36; see also Wilwording v. Swenson,

13  404 U.S. 249, 251 (1971).  "If the complaint is amenable to conversion on its face, meaning that it

14  names the correct defendants and seeks the correct relief, the court may re-characterize the

15  petition so long as it warns the pro se litigant of the consequences of the conversion and provides

16  an opportunity for the litigant to withdraw or amend his or her complaint."  Nettles, 830 F.3d at

17  936 (quoting Glaus v. Anderson, 408 F.3d 382 (7th Cir. 2005)).

18      The undersigned declines to recommend that the district court construe the petition for

19  writ of habeas corpus as a civil rights complaint.  First, the pleading does not name the proper

20  defendant.  Rather, petitioner names the warden.  Second, if the petition were converted to a civil

21  rights complaint, petitioner would be required to pay the $350.00 filing fee for a civil action.

---

[4] Petitioner cited the following cases, all relying on Bostic.  (ECF No. 19 at 2-4.)  Valdez v. Adler, 2010 WL 4814076, at *4 (E.D. Cal. Nov. 19, 2010), subsequently aff'd, 518 F. App'x 563 (9th Cir. 2013); Cardenas v. Adler, 2010 WL 2180378, at *2 (E.D. Cal. May 28, 2010); Rebolledo-Adan v. Adler, 2010 WL 2292153, at *2 (E.D. Cal. June 4, 2010); and Jackson v. Hartley, 2010 WL 5136029, at *6 (E.D. Cal. Dec. 10, 2010).

[5] Petitioner did not append a copy of the decision setting forth the imposed sanctions, but he did provide pages from his administrative appeals challenging incident report #3155421 (ECF No. 11 at 10-11), and the incident report and the hearing officer's decision form the basis of petitioner's claims herein.  (ECF No. 12-1 at 99-104, 137-40.)

7

Even if he were granted leave to proceed in forma pauperis, the filing fee would be deducted in installments from his inmate trust account. 28 U.S.C. §§ 1914, 1915(b). Therefore, the instant petition should be dismissed without prejudice to allow petitioner to decide whether to raise the instant claims in a properly submitted civil rights complaint.[6]

IX. Conclusion

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court is directed to assign a district judge to this case.

Further, IT IS RECOMMENDED that:

1. Petitioner's motions to file an amended habeas petition (ECF No. 18, 20) be denied; and

2. Petitioner's application for a writ of habeas corpus be dismissed, without prejudice, for lack of jurisdiction.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 11, 2020

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

/brim2284.mtd.2241

---

[6] Issuance of a certificate of appealability is not addressed herein because a certificate of appealability is not required to appeal the denial of a petition under § 2241. See 28 U.S.C. § 2253; Forde v. United States Parole Commission, 114 F.3d 878, 879 (9th Cir. 1997) (holding that a § 2241 petitioner in federal custody need not obtain a certificate of appealability as a prerequisite to appeal).

8